IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maleah Coker,                         Case No. 3:23 CV 470
*on behalf of herself and all others*
*similarly situated*                      ORDER APPROVING FLSA
                                      COLLECTIVE ACTION SETTLEMENT
                Plaintiff,
                                       JUDGE JACK ZOUHARY
     -vs-

Beer Barrel, Inc.,

                Defendant.

Plaintiff Maleah Coker ("Plaintiff") and Defendant Beer Barrel, Inc. ("Defendant") (collectively, the "Parties") have moved this Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and Ohio law, to approve the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion")), and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion, the declarations appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, this Court hereby approves settlement of the wage and hour claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On March 9, 2023, Plaintiff filed her collective and class action Complaint (the "Action"). In the Action, Plaintiff asserted claims against Defendant, on behalf of herself and others

alleged to be similarly situated under the Fair Labor Standards Act ("FLSA") and Article II § 34a of the Ohio Constitution. Specifically, the Action alleges that Defendant violated the FLSA and Ohio law by paying Plaintiff and others similarly situated at a tip-credit rate for all time worked, including opening and closing duties that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 30 minutes at a time or exceeded 20% or more of the employee's work time.

3. On April 4, 2023, Defendant filed its Answer in which it denied all liability, and Defendant continues to deny Plaintiff's claims and any liability.

4. The Parties conducted some discovery, including a deposition of Plaintiff and a corporate representative of Defendant. To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation. The case was stayed pending the outcome of mediation.

5. In preparation for mediation, Defendant produced certain time and pay data for the putative collective. Plaintiff's Counsel constructed a damages model using the produced data, which was shared with the mediator and Defendant's Counsel.

6. On June 13, 2024, the Parties participated in a full-day mediation before third-party neutral, Michael Russell, and reached an agreement. (ECF #26).

7. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution to Opt-In Party Plaintiffs as outlined in the Agreement, along with its Exhibits A and B.

8. Settlement of FLSA claims is subject to approval by this Court.

9.     The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by a third-party neutral.

10.    Plaintiffs' Counsel performed a calculated expected value, and the total settlement amount exceeded the calculated expected value, according to Plaintiffs' Counsel's risk analysis models. Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion).

11.    Accordingly, this Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement. For purposes of this Approval Order, this Court further incorporates by reference the terms and definitions as set forth in the Agreement.

12.    This Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

13.    This Court approves the Service Award for Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

14.    This Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Agreement. Plaintiffs' Counsel has significant experience litigation wage and

hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

15. This Court orders that payments from the Global Settlement Fund, including Service Award, Plaintiffs' Counsel's attorneys' fees and costs, distributions to Opt-In Party Plaintiffs, and settlement administration costs be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

16. This Court dismisses, with prejudice, the claims of the Plaintiff, individually and on behalf of the Opt-In Party Plaintiffs, as provided in the Agreement.

17. This Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

This Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 23, 2024